IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AHMAD CLARENCE GARLAND, | ) | C/A No. 4:07-194-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| EDSEL TAYLOR, WARDEN, | ) | |
| McDOUGALL CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Ahmad Clarence Garland ("Petitioner/Garland"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 22, 2007. Respondent filed a motion for summary judgment on March 26, 2007, along with a return and supporting memorandum. The undersigned issued an order filed March 27, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on June 11, 2007. Petitioner also filed a motion for summary judgment and a motion for summary judgment/entry of default judgment.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

Petitioner is presently confined in the MacDougall Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Fairfield County Clerk of Court. The Fairfield County Grand Jury indicted Petitioner at the June 19, 1996, term of court for trafficking in cocaine.

On September 25, 1996, petitioner pleaded guilty as charged. Petitioner was sentenced by the Honorable R. Markley Dennis to twelve years imprisonment. Petitioner did not appeal his guilty plea conviction. Petitioner was represented at the plea hearing by Ernest Spong, Esquire.

Petitioner filed a pro se Post -Conviction Relief Application (APCR) (98-CP-20-68) on March 23, 1998, in which he alleged the following grounds for relief:

1. Evidence gained pursuant to an unconstitutional search and seizure.

2. Plea of guilty by coerced confession.

3. Ineffective assistance of counsel; and

4. Due Process violations

1999 App. pp. 1-4. The State filed its Return and Motion to Dismiss on June 29, 1998. The State argued that the APCR was untimely under the one-year statute of limitations that governs the filing of PCR actions, S.C. Code Ann. §17-27-45(A) (Supp. 2006). 1999 App. pp. 5-7.

The Honorable Paul E. Short, Jr., held a hearing on the Motion to Dismiss on July 28, 1998,

at the Winnsboro County Courthouse. Petitioner was present at the hearing and Rosette Carter, Esquire, represented him. Assistant Attorney General Matthews M. McGuire represented the State. There was no testimony taken at this motion hearing. 1999 App. pp. 8-14. On August 7, 1998, Judge Short denied and dismissed the Application in an Order of Dismissal for filing his application out of time §17-27-45(A). App. pp. 15-19.

A timely notice of appeal was served and filed. Assistant Appellate Defender Melody J. Brown, represented him in collateral appellate proceedings. The State was represented by Mr. McGuire. On July 12, 1999, the Petitioner filed a Petition for Writ of Certiorari. The only Question Presented in the Petition for Writ of Certiorari was stated as follows:

> Did the post-conviction relief hearing judge err in granting the state's motion to dismiss for failure to file within the statute of limitations when petitioner alleged ineffective assistance of counsel but was denied an evidentiary hearing to explore if counsel's errors prevented a timely filing?

**2004 App. pp. 51-60.** The State filed a Return to Petition for Writ of Certiorari on October 12, 1999. On March 30, 2000, Petitioner made a Motion to Suspend Appeal and Remand for Continued Proceedings, which was consented upon by the State.

The South Carolina Supreme Court filed an Order on May 11, 2000, in which it dismissed the appeal and remanded the case for further PCR proceedings. The South Carolina Supreme Court sent the Remittitur to the Winnsboro County Clerk of Court on May 31, 2000.

The Honorable Kenneth G. Goode held an evidentiary hearing into the matter on September 10, 2003, at the Winnsboro County Courthouse. Petitioner was present at the hearing and John Fantry, Esquire, represented him. Assistant Attorney General Allen Bullard represented the State. Petitioner testified on his own behalf. The State presented the testimony of trial counsel, Mr. Spong.

2004 App. pp. 77-109.

On September 27, 2003, Judge Goode denied and dismissed the Application in an Order of Dismissal for filing his application out of time. 2004 App. pp. 110-13. A timely notice of appeal was served and filed. On October 2, 2003, Petitioner filed a Rule 59(e) Motion to Alter or Amend Judgment in which he asserted the following allegations:

1. The Administrative judge erred ... engaged in conduct prejudicial to the effective and expeditions administrative of the Court (sic).

2. Committed ethnical misconduct protecting the interest of constituents directly involved ..., State tried to dismiss which have no dispositive showing on to base decision, and PCR counsel participate in conspiracy. ... (Sic).

3. Conflict of interest

4. Admin. Judge could not free himself of actual knowledge of 98-CP-20-68, (Sic).

5. Or personal knowledge of disputed facts and matter in controversy. (Sic).

6. Being deep-seated favoritism/antagonism made a fair judgment impossible. (Sic).

7. Reasons(s) for disqualification. (Sic).

8. And recusal. (Sic).

Supp. App. pp. 1-4. Judge Goode denied the Motion to Alter of Amend Judgment on October 30, 2003. Supp. App. p. 5. A timely notice of appeal was served and filed.

Assistant Appellate Defender Robert M. Dudek, represented him in collateral appellate proceedings. The State was represented by Assistant Attorney General Molly R. Crum. On May 28, 2004, Petitioner filed a Petition for Writ of Certiorari. The questions presented in the Petition for Writ of Certiorari were stated as follows:

1. Did the PCR Court err by ruling petitioner failed to prove, pursuant to *Wilson v. State*, that he did not knowingly waive his right to a direct appeal since, in light most favorable to petitioner, there was evidence petitioner wanted to appeal, including him asking his attorney to appeal, and where his attorney only testified that petitioner did not ask him to appeal, and the PCR order erroneously stated that counsel advised petitioner of his right to appeal and that petitioner did not desire to appeal?

2. Whether petitioner's case should be remanded for a hearing on whether the PCR judge should have recused himself where petitioner raised in his pro-se Rule 59(e) motion the fact that the PCR judge represented his co-defendant on Fairfield County drug charges, which petitioner discovered after the PCR hearing, and where that codefendant blamed petitioner for the presence of cocaine?

Petition for Writ of Certiorari at p. 2. The Petitioner filed a Return to Petition for Writ of Certiorari on October 11, 2004.

The South Carolina Supreme Court filed an Order on March 28, 2006, in which it denied certiorari, and sent the Remittitur to the Winnsboro County Clerk of Court on April 14, 2006.

In addition to the above-stated state court proceedings, Respondent noted that on March 22, 1999, Petitioner filed a Petition for Writ of Habeas Corpus in the District Court for the District of South Carolina (*Ahmad Garland, # 238267 v. State of South Carolina, et al.*, C/A No. 2:99-0651-19AJ). He raised the following grounds for relief in his original Petition:

1. The requirement(s) for a Post-Conviction Relief is that the Applicant/Person be in custody at the time the Petition is filed ...

2. State court proceeding's (sic) may be lengthy and complicated on the exhausted claim's (sic) or issues that has the advantage of getting a case to court.

3. When the police made a legal custodial arrest for a minortraffic infraction, then the police is only allowed to frisk to protect the arresting officer. (Sic).

    4.    That a confession obtained by police questioning will be considered involuntary if is shown to be the result of either physical coercion, or non-subtle type of psychological coercion. (Sic).

Petition for Writ of Habeas Corpus at pp. 5-6. Respondent made a Motion for Summary Judgment and filed a Return and Memorandum in Support of Motion for Summary Judgment on May 6, 1999. Respondent asserted that the Petition should be dismissed for failure to exhaust state court remedies. Petitioner made a motion to dismiss the Petition without prejudice on May 24, 1999. The motion was granted on June 22, 1999, by the Honorable Dennis W. Shedd, United States District Judge.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus:

GROUND ONE:    There is an absence of available state corrective process.

GROUND TWO:    Circumstances exist that render such process ineffective to protect the rights of Garland.

GROUND THREE:    The PCR judge decision supported by State's AG proposed order was contrary to <u>Wilson</u> that Garland knowingly and intelligently waived his rights to a direct appeal.

GROUND FOUR:    The State's AG proposed Order supported by PCR judge involve an unreasonable application of Wilson, clearly established Federal law as determined by the Supreme Court . . . (Sic).

GROUND FIVE:    The PCR judge that influences State's AG proposed Order resulted in a decision that was based on an unreasonable determination of the fats in light of the evidence presented (Sic).

GROUND SIX:    The State's AG and PCR judge proposed Order does not have an independent and adequate state grounds for denying Garland's claims . . . because constitutional error was made . . (Sic).

|                  |                                                                                                                                                                                                                                                             |
|------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| GROUND SEVEN:    | The facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found Garland guilty of the underlying offense. (Sic). |

(Petition).

### III.  SUMMARY JUDGMENT

On March 26, 2007, the Respondent filed a return and memorandum of law in support of his motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Garland filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues as follows, quoted verbatim:

> His state court convictions became final ten days after September 25, 1996, the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . . , a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed). Thus, his convictions became final on October 7, 1996. He thereafter had one year within which to file a habeas petition, with applicable tolling.
>
> Petitioner did not file his APCR until March 23, 1998. . . . this was five hundred thirty-one (531) days after his conviction became final, contra S.C. Code Ann. §17-27-45(A) (Supp. 2005), and is obviously more than one year after his conviction became final.

9

> However, this was not a "properly filed" PCR application under Artuz because this Application was rejected by the state PCR judge as time barred by 17-27-45(A) and, it was ultimately determined that there was no basis for tolling the statute of limitations. . . .
>
> Following the remand by the state supreme court, he argued before Judge Goode that he was entitled to file under Wilson v. State, 559 S.E.2d 581 (S.C. 2002) (Because a defendant has the right to be informed of the right to an appeal, the one-year limitations period in which to file a PCR application did not apply where defendant was denied a direct appeal of his conviction due to ineffective assistance of counsel) because he had asked counsel to appeal and counsel had not perfected an appeal. This argument was rejected by Judge Goode, who found that counsel had advised Petitioner of his right to appeal but Petitioner never asked him to perfect an appeal. 2004 App. pp. 111-12. Subsequently, the state supreme court filed an Order on March 28, 2006, denying certiorari without comment.. . . therefore, the limitations period in 2244(d)(1)(A) began running on October 8, 1996, and there was no tolling by collateral proceedings in state court. . . .

(Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner did not file a direct appeal. Thus, his conviction became final ten (10) days after the date it was entered. Petitioner was sentenced on September 25, 1996, and ten days would have been October 5, 1998, which was a Saturday. Thus, petitioner would have had until October 8, 1996, to file his appeal. Petitioner did not file his APCR until March 23, 1998. Clearly, the one year time period for filing his habeas petition had already expired. Petitioner's APCR was dismissed as untimely. A timely notice of appeal was filed and the South Carolina Supreme Court filed an Order on May 11, 2000, in which it dismissed the appeal and remanded the case for further PCR proceedings. An evidentiary hearing was held on September 10, 2003, and Judge Goode denied and dismissed the APCR as untimely. The South Carolina Supreme Court filed an Order on March 28, 2006, denying the petition for writ of certiorari. Thus, the PCR application would not be considered "properly filed" and would not toll the limitations period. An

application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application may be properly filed even if all the claims it contains are meritless or defaulted. Id. In essence, if the state court rejects each individual claim, then the application as a whole was properly filed; on the other hand, if the state court dismisses the entire application without consideration of the individual claims then the application was not properly filed. See id. Petitioner's APCR was dismissed as time barred. Thus, petitioner did not file his habeas petition within the statute of limitations.

In his response in opposition to the motion for summary judgment, Petitioner asserts that his APCR was "properly filed" and not time-barred because the failure to timely file was the result of ineffective assistance of counsel in failing to file a notice of appeal. Therefore, petitioner argues that the time during which his APCR was pending tolled the habeas statute of limitations.

A review of the Order of Dismissal by Judge Goode upon the remand from the state supreme court to re-open the hearing on the issue of whether the APCR was barred by the statute of limitations, reveals the APCR was dismissed as untimely and no sufficient reason to toll the statute of limitations was found. In the Order of Dismissal, Judge Goode stated that petitioner argued that he was exempted from the statute of limitations because he did not knowingly and intelligently waive his right to direct appeal. The PCR Court conducted a hearing pursuant to Wilson v. State, 348 S.C. 215, 559 S.E.2d 581 (2002). Judge Goode concluded that petitioner made various claims at the hearing: initially, he claimed counsel informed him he did not have a right to appeal but later claimed counsel promised him he was going to file an appeal. Petitioner also claimed he thought his one year period to file his APCR did not begin to run until the date he pleaded guilty in Charleston County,

"where he does not contest that he voluntarily waived his right to direct appeal." After hearing the testimony of petitioner and trial counsel, Judge Goode concluded that counsel informed petitioner of his right to direct appeal, but petitioner never requested that counsel file one for him. Thus, the court found the APCR should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the

13

petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Thus, petitioner would not be entitled to equitable tolling based on his arguments that counsel failed to file a direct appeal as this has been addressed by the state courts or that his PCR was "properly filed" for it was found to be untimely filed in the state courts. It is clear that a *pro se* prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Circuit 2004). Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #7) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed MOOT.

>
> Respectfully Submitted,
>
> s/Thomas E. Rogers, III
> Thomas E. Rogers, III
> United States Magistrate Judge

October 9, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**