IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Ahmad Clarence Garland, ) | C/A No.: 4:07-194-JFA-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | O R D E R |
| ) | |
| Edsel Taylor, Warden, McDougall Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Ahmad Clarence Garland, initiated this action pursuant to 28 U.S.C. § 2254 seeking relief from his state criminal conviction for cocaine trafficking. Specifically, the petitioner raises grounds of unlawful seizure of evidence, coerced confession, ineffective assistance of counsel, and due process violations.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests this action is barred by the one-year statute of limitations provided in the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Magistrate Judge also recommends that the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

2

Recommendation and has done so in 14-page objection memorandum, together with a 15-page affidavit, both of which have been carefully reviewed by the court. For the reasons that follow, the court will overrule the objections and adopt the Report and Recommendation.

As noted earlier, the petitioner did not file a direct appeal of his guilty plea. Thus, his conviction became final ten days after the date it was entered. The petitioner was sentenced on September 25, 1996, and the ten-day deadline for appeal would have expired on October 5, 1996. Petitioner did not file a state application for post-conviction relief (PCR) until March 23, 1998. By that time, the one-year period for filing his habeas petition had already expired. The state court dismissed the PCR as untimely.

On these facts, the Magistrate Judge suggests that the action is not timely under the one-year statute of limitations provided in federal law and that the untimely state PCR petition does not serve to toll the filing period. Although petitioner replied to the respondents' motion for summary judgment, he does not address the timeliness issue and cannot provide an extraordinary circumstances beyond his control that caused him to delay filing of his § 2254 petition. His objections to the Report do not provide support either.

In his objection memorandum, the petitioner merely reiterates the arguments that were presented to and rejected by the Magistrate Judge. Accordingly, the objections are all overruled.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles

3

of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

The respondents' motion for summary judgment is granted.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
Joseph F. Anderson, Jr.
United States District Judge

February 4, 2008
Columbia, South Carolina

4